IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROQUE ARANDA | § | |
| | § | |
| V. | § | MISC. C-06-2 |
| | § | |
| DOUGLAS DRETKE | § | |

## MEMORANDUM AND RECOMMENDATION

Texas state prisoner Roque Aranda filed a request for prior approval to file an action pursuant to 42 U.S.C. § 1983. (D.E. 1).

## DISCUSSION

Plaintiff is currently incarcerated in the McConnell Unit in Beeville, Texas. He is a litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is therefore, barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury.[1] He makes no such assertion or

---

[1] Aranda v. Cason, No. 5:00-cv-63 (N.D. Tex. July 21, 2000), aff'd mem. 253 F.3d 702 (5th Cir. Apr. 12, 2001) (per curiam); Aranda v. Key, et al., No. 5:00-cv-198 (N.D. Tex. July 21, 2000), aff'd mem. 250 F.3d 740 (5th Cir. Feb. 14, 2001) (per curiam); Aranda v. Hirsch, et al., No. 5:00-cv-224 (N.D. Tex. July 21, 2000), aff'd mem. 253 F.3d 702 (5th Cir. Apr. 12, 2001) (per curiam); see also Aranda v. Prasifka, 71 Fed. Appx. 357, No. 03-40317 (5th Cir. Aug. 13, 2003) (per curiam) (regarding No. 2:02-cv-436 (S.D. Tex.)); Aranda v. Millsaps, 233 F.3d 574, No. 99-11394 (5th Cir. Aug. 29, 2000) (unpublished) (regarding No. 5:99-cv-333 (N.D. Tex.)); Aranda v. Shaw, et al., No. 5:00-cv-234 (N.D. Tex. July 21, 2000), aff'd mem. 250 F.3d 740 (5th Cir. Feb. 14, 2001) (per curiam); Aranda v. Massey, et al., No. 4:01-cv-195 (S.D. Tex. Feb. 6, 2001); Aranda v. Scott, et al., No. 4:99-cv-2326 (S.D. Tex. Mar. 7, 2001), aff'd mem. 229 F.3d 1148 (5th Cir. Aug. 10, 2000) (per curiam); Aranda v. Cravener, et al., No. 4:01-cv-751 (S.D. Tex. Mar. 15, 2001); Aranda v. Millsaps, et al., No. 5:00-cv-386 (N.D. Tex. Mar. 29, 2001); Aranda v. United States Government, No. 5:00-cv-379 (N.D. Tex. Mar. 30, 2001), aff'd mem. 275 F.3d 1080 (5th Cir. Oct. 26, 2001) (per curiam); Aranda v. McCrary, et al., No. 5:00-cv-409

showing in his current petition.

Instead, plaintiff indicates that he files this request, seeking "permission to file or bring a § 1983 action to compel the state or District Attorney Ricky B. Smith and District Judge Carter T. Schildknecht to release certain biological evidence that was used to convict [him] of burglary habitation for DNA re-testing." (D.E. 1, at 1). He further indicates that he "also want[s] to sue the Texas Court of Criminal Appeals Judges and the Texas Dept. of Criminal Justice Director." Id. at 2.

Plaintiff has been sanctioned by various courts as a result of his frequent filings. Notably, the sanctions lodged against him include orders from various courts that he may not file documents in those courts without first obtaining permission. For example, in October 2000, the Houston Division of the Southern District of Texas sanctioned Aranda $100 and directed the Clerk to accept no submissions "of any kind whatsoever" from him unless he paid the sanction and obtained permission to file from a judicial officer. Aranda v. Simpson, et al., No. 4:00-cv-3253 (S.D. Tex. Oct. 12, 2000), aff'd mem. 263 F.3d 163 (5th Cir. June 13, 2001) (per curiam).[2] Similarly, the Fifth Circuit sanctioned plaintiff $100 and

---

(N.D. Tex. Mar. 30, 2001); Aranda v. Scott, et al., No. 4:00-cv-2935 (S.D. Tex. Oct. 25, 2000); Aranda v. United States District Judges, et al., No. 4:01-cv-1404 (S.D. Tex. May 10, 2001). One court noted that, as of April 23, 2002, Aranda had filed at least forty-eight civil rights and habeas actions, and twenty-two appeals. Tercero-Aranda v. Cockrell, No. 5:02-cv-077 (N.D. Tex. Apr. 29, 2002) (D.E. 8, at 2 n.1).

[2] The docket sheet in Aranda v. Simpson indicates that plaintiff paid the sanction on January 29, 2003.

2

directed the Clerk not to file and to return to him any submissions he should make until the fine is paid in full.  Aranda v. Dretke, No. 04-40182 (5th Cir.) (June 7, 2004 Order).

Plaintiff has also been barred by other courts from filing without first obtaining judicial permission.  See, e.g., Aranda v. United States Government, No. 5:01-cv-379 (N.D. Tex. Mar. 30, 2001); Aranda v. McCrary, et al., No. 5:00-cv-409 (N.D. Tex. Mar. 30, 2001); Aranda v. Millsaps, No. 5:00-cv-386 (N.D. Tex. Mar. 29, 2001); Aranda v. Cockrell, No. 5:01-mc-49 (N.D. Tex. Oct. 12, 2001); Aranda v. United States Government, No. 5:01-mc-29 (N.D. Tex. Oct. 18, 2001); Aranda v. Key, No. 5:01-mc-30 (N.D. Tex. Oct. 18, 2001).  Plaintiff has expressly been barred from filing new habeas petitions, see Tercero-Aranda v. Cockrell, No. 5:02-cv-77 (N.D. Tex.) (Apr. 29, 2002 Order), as well as filings of "any type," see Aranda v. Cockrell, No. 5:02-cv-61 (N.D. Tex.) (May 21, 2002 Order).[3]

The Fifth Circuit has held that a district court may honor the sanction order of another district court.  Balawajder v. Scott, 160 F.3d 1066, 1067-68 (5th Cir. 1999) (per curiam).  Indeed, the Southern District of Texas has previously barred plaintiff from filing new habeas actions in light of his failure to pay sanctions and

---

[3] Even more recently, another court has directed that any mail received from Aranda (whether using the name Roque, Aranda, Roque T. Aranda, or Roque Tercero-Aranda) be returned to him unopened, with a notation on the outside of the envelope stating "RETURN TO SENDER PER COURT ORDER."  Aranda v. Galvan et al, No. 5:04-cv-104 (N.D. Tex.) (May 20, 2004 Order); Aranda v. Stewart, et al, No. 5:04-cv-105 (N.D. Tex.) (May 20, 2004 Order) (same).

obtain permission.  See Aranda v. Cravener, No. 4:01-cv-750 (S.D. Tex.) (July 17, 2002 Op. on Dismissal); Aranda v. Johnson, No. 4:01-cv-191 (S.D. Tex.) (Mar. 8, 2001 Order of Dismissal).

Indeed, the Fifth Circuit cautioned plaintiff that he may be barred from filing any civil actions:

> Our dismissal of this appeal counts as a strike against Aranda for purposes of 28 U.S.C. § 1915(g).  We caution Aranda that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

Aranda v. Millsaps, 233 F.3d 574, No. 99-11394 (5th Cir. Aug. 29, 2000) (per curiam) (unpublished).  Within about six months, the Fifth Circuit determined that plaintiff is no longer allowed to proceed in forma pauperis in civil actions:

> Aranda has previously had at least one strike against him. *Aranda v. Millsaps*, No. 99-11394 (5th Cir. Aug. 29, 2000).  Aranda has acquired another two strikes as a result of this frivolous complaint and appeal.  See *Adepegba*, 103 F.3d at 386-88.  Additionally, Aranda today accumulates two more strikes in another appeal before this court. *Aranda v. Shaw*, No. 00-10844. He now has at least five strikes.  Accordingly, Aranda may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

Aranda v. Key, 250 F.3d 740, No. 00-10849 (5th Cir. Feb. 14, 2001) (per curiam) (unpublished) (emphasis added); see also Aranda v. Simpson, 263 F.3d 163, No.

4

01-20064 (5th Cir. June 13, 2001) (per curiam) (unpublished) (reminding plaintiff of prohibition against him); <u>Aranda v. Cason</u>, 253 F.3d 702, No. 00-10848 (5th Cir. Apr. 12, 2001) (per curiam) (unpublished) (same).  Thus, the Fifth Circuit has determined that plaintiff has over three strikes and may no longer proceed <u>in forma pauperis</u> in these cases without a showing of imminent danger.

## RECOMMENDATION

Under the sanction orders of the Fifth Circuit, as well as other district courts, and as previously enforced by the Southern District of Texas, plaintiff is required to seek permission to file any civil actions.  Accordingly, it is respectfully recommended that his request to be permitted to file a § 1983 action, (D.E. 1), be denied.

Respectfully submitted this 11th day of January 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).